UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SMITH,<br><br>                    Plaintiff,<br><br>v.<br><br>MEDIDATA SOLUTIONS, INC.,<br><br>                    Defendant. | Case No.: 16cv1689-L(JLB)<br><br>**ORDER GRATING TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAYING PLAINTIFF'S THE PAGA CLAIM PENDING ARBITRATION** |

      In this action for wrongful termination, fraud and violation of California wages and hour laws, Defendant Medidata Solutions, Inc. filed a motion to compel arbitration. Plaintiff filed an opposition, and Defendant replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, Defendant's motion is granted. Plaintiff's causes of action numbered one through twelve are dismissed; however, Plaintiff may reassert them in arbitration. Plaintiff's thirteenth cause of action under the Private Attorney General Act is stayed pending arbitration.

      According to the second amended complaint, Plaintiff was employed by Defendant as a senior director of sales. Plaintiff's compensation consisted of base salary plus commissions, bonuses, benefits, and other compensation. Plaintiff claims that he and others were not paid all commissions owed, and that Defendant had a practice of

1

16cv1689-L(JLB)

terminating employees to avoid paying large commissions. After complaining to Defendant about its practices regarding payment of commissions, Plaintiff was terminated. It is undisputed that when he was hired, Plaintiff signed an agreement with an arbitration provision.

Plaintiff filed an action in this Court. In his second amended complaint, he alleges numerous California Labor Code violations, wrongful termination, promissory estoppel, fraud, unjust enrichment, violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), and receiving stolen property in violation of California Penal Code § 496(a). Plaintiff also seeks penalties on behalf of himself and other aggrieved employees and on behalf of the California Labor Workforce Development Agency ("LWDA") for the Labor Code violations, including failure to timely pay all wages due, unlawful deduction (undisclosed payment using a lower pay scale than designated by statute or contract), violations relating to commissions, unlawful retaliation, failure to pay all wages due upon termination, and failure to provide accurate itemized wage statements). The Court has diversity jurisdiction under 28 U.S.C. § 1332.

Defendant filed the pending motion to compel arbitration of Plaintiff's individual claims. Defendant concedes that Plaintiff's PAGA claim is not subject to arbitration. (Mot. at 1 n.1 (citing *Sakkab v. Luxottica Retail N. Am., Inc.,* 803 F.3d 425, 440 (9th Cir. 2015).) *See Iskanian v. CLS Transp. Los Angeles, LLC,* 59 Cal.4th 348, 386-88 (2014) (no Federal Arbitration Act preemption when an aggrieved employee brings a PAGA claim as an agent of a state agency, "where any resulting judgment is binding on the state and any monetary penalties largely go to state coffers."). Defendant argues that Plaintiff's remaining claims are covered by the arbitration clause included in the Employee Confidentiality, Invention Assignment and Non-Competition Agreement which Plaintiff signed when he was hired. (Decl. of Jessica Micciche Ex. A ("Agreement").) Plaintiff opposes, arguing that the arbitration clause is unenforceable.

Arbitration clauses are governed by the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* ("FAA") and California contract law. "The FAA mandates that district courts *shall* direct

2

16cv1689-L(JLB)

the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Kilgore v. KeyBank N.A.,* 718 F.3d 1052, 1058 (9th Cir. 2013) (emphasis in original) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). "As federal substantive law, the FAA preempts contrary state law." *Mortensen v. Bresnan Comm'cns, LLC,* 722 F.3d 1151, 1158 (9th Cir. 2013). However, the FAA does not require enforcement of arbitration agreements that may be invalidated on "such grounds as exist at law or in equity for the revocation any contract." 9 U.S.C. § 2. "This saving clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability . . .." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011) (internal quotation marks and citation omitted). The burden of proving that the arbitration agreement cannot be enforced is on the party resisting arbitration. *Green Tree Fin. Corp. - Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

Initially, Plaintiff contends that the arbitration clause is unenforceable for failure of consideration because Defendant failed to pay him in full. This argument is undermined by the Agreement itself, which expressly addresses the issue of consideration:

> c. <u>Consideration.</u> I UNDERSTAND THAT EACH PARTY'S PROMISE TO RESOLVE CLAIMS BY ARBITRATION IN ACCORDANCE WITH THE PROVISIONS OF THIS AGREEMENT, RATHER THAN THROUGH THE COURTS, IS CONSIDERATION FOR OTHER PARTY'S LIKE PROMISE. I FURTHER UNDERSTAND THAT I AM OFFERED EMPLOYMENT IN CONSIDERATION OF MY PROMISE TO ARBITRATE CLAIMS.

(Agreement § 11.c. (emphasis in original).) It is undisputed that Plaintiff signed the Agreement and that he was offered, and accepted, employment with Defendant. Plaintiff's argument that the arbitration clause is unenforceable for failure of consideration is therefore rejected.

Next, Plaintiff argues that his claims do not fall within the scope of the Agreement's forum selection clause. This argument is inapposite. Defendant's motion is

not seeking to enforce the forum selection clause, but the arbitration clause. In this regard, the arbitration clause provides:

> a. <u>Arbitration.</u> . . . [¶] THIS ARBITRATION CLAUSE . . . RELATES TO THE RESOLUTION OF ALL DISPUTES RELATING TO ALL ASPECTS IF THE EMPLOYER/EMPLOYEE RELATIONSHIP . . ., INCLUDING, BUT NOT LIMITED TO THE FOLLOWING CLAIMS:
>     i. ANY AND ALL CLAIMS FOR WRONGFUL DISCHARGE OF EMPLOYMENT; . . .;
>     ii. ANY AND ALL CLAIMS FOR VIOLATION OF ANY FEDERAL, STATE OR MUNICIPAL STATUTE . . .;
>     iii. ANY AND ALL CLAIMS ARISING OUT OF ANY OTHER LAWS AND REGULATIONS RELATING TO EMPLOYMENT . . ..

(Agreement § 11.a. (emphasis in original).) In addition to the PAGA claim, which is not the subject of the pending motion, Plaintiff alleges claims for violation of numerous California Labor Code provisions, wrongful termination in violation of public policy, promissory estoppel, fraud, unjust enrichment, unfair competition, and receiving stolen property, *i.e.,* his wages, in violation of California Penal Code. Plaintiff does not dispute, but agrees, that all of his claims relate to his employment relationship with Defendant. (*See* Opp'n at 10 ("the question is whether, in failing to pay SMITH the wages earned by him, has Defendant violated the law?") (emphasis in original).) All of Plaintiff's claims, except for PAGA, fall within the scope of the arbitration clause.

       Plaintiff further contends that the forum selection clause does not require exclusive jurisdiction. (Opp'n at 10-11.) Again, this argument is inapposite, as Defendant is not seeking to enforce the forum selection clause, but compel arbitration. Although the arbitration clause provides that arbitration be held in New York (Agreement § 11.a.), Defendant is not requesting to arbitrate in New York. Accordingly, the Court does not express any opinion regarding the validity of the forum selection clause. With respect to arbitration, to the extent the arbitration clause applies to Plaintiff's claims, it is not optional. *See* 9 U.S.C. § 4 ("upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court *shall* make an order

directing the parties to proceed to arbitration in accordance with the terms of the agreement") (emphasis added); *see also Kilgore,* 718 F.3d at 1058 ("The FAA mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (emphasis in original).

Plaintiff also contends that the arbitration provision cannot be enforced because it is unconscionable under California law. The arbitration provision includes a choice of law clause, stating, "THIS AGREEMENT WILL BE GOVERNED AND CONSTRUED ACCORDING TO THE LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO ITS CONFLICT OF LAW PRINCIPLES." (Agreement § 11.d. (emphasis in original).) Defendant claims that New York law applies to the question whether the arbitration clause is enforceable. (Mot. at 5.) Plaintiff counters that when an employer is seeking to enforce an agreement against a California employee, California law should be applied in determining the underlying contract validity. (Opp'n at 11.) Plaintiff's reliance for this proposition on *Ingle v. Circuit City Stores, Inc.* 328 F.3d 1165, 1170 (9th Cir. 2003), is unavailing because, unlike here, the court in *Ingle* had no occasion to consider a choice of law clause. When an arbitration clause includes a choice of law clause, the clause may be enforced. *See, e.g., Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 58-64 (1995). If, as unambiguously stated in the Agreement, New York law applies, Plaintiff concedes that the arbitration clause is enforceable, as he does not contend otherwise in his opposition. *See* Civ. Loc. R. 7.1.f.3.b. ("The opposition brief must contain . . . a complete statement of all reasons in opposition to the position taken by the movant . . ..").

Alternatively, the arbitration clause is not unconscionable under California law, as Plaintiff contends. To prevail, Plaintiff must show that the arbitration clause is both procedurally and substantively unconscionable. *See Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 99 (2000). The procedural element focuses on "oppression or surprise due to unequal bargaining power," and the substantive element focuses on "overly harsh and one-sided results." *Id.* A sliding scale is applied, so that the

more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to find it unenforceable and vice versa. *Id.*

Plaintiff argues that the arbitration clause is unconscionable because Defendant did not explain it to him, he was not given an opportunity to negotiate its terms, and it was presented to him on a "take it or leave it" basis. Defendant "was under no obligation to highlight the arbitration clause of its contract, nor was it required to specifically call that clause to [Plaintiff]'s attention. *Sanchez v. Valencia Holding Co., LLC,* 61 Cal.4th 899, 914 (2015). *A fortiori,* Defendant was under no obligation to explain the arbitration provision to Plaintiff. Furthermore, the arbitration provision is unambiguous and set off from the rest of the Agreement's provisions by the use of all caps. Nevertheless, it was included in a contract of adhesion. Procedural unconscionability can be based on a showing of oppression, *Lhotka v. Geographic Expeditions, Inc.*, 181 Cal. App. 4th 816, 821, 824 (2010), which "arises from inequality in bargaining power that results in no real negotiation and an absence of meaningful choice," *Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571, 581 (2008). This often takes the form of a contract of adhesion -- a standardized contract drafted by the party of superior bargaining strength and imposed on the other, without an opportunity to negotiate the terms. *See Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 981 (9th Cir. 2007); *see also Gatton*, 152 Cal. App. 3d 582 ("adhesion pertains to the oppression aspect of procedural unconscionability").

The Court therefore finds that "the adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability." *Sanchez,* 61 Cal.4th at 915. "Yet a finding of procedural unconscionability does not mean that a contract will not be enforced, but rather that courts will scrutinize the substantive terms of the contract to ensure they are not manifestly unfair or one-sided." *Id.* (internal quotation marks and citation omitted).

Substantive unconscionability focuses on whether the results of the contract terms are overly harsh or one-sided. *Armendariz,* 24 Cal.4th at 114. Plaintiff contends that the arbitration provision is substantively unconscionable because Defendant reserves the

right to file a court action with respect to certain types of claims, it imposes excessive costs, and does not permit for recovery of attorney's fees.

The arbitration clause carves out Defendant's right to pursue injunctive relief in court under certain circumstances:

> B. <u>Equitable remedies.</u> I AGREE THAT IT WOULD BE IMPOSSIBLE OR INADEQUATE TO MEASURE AND CALCULATE THE COMPANY'S DAMAGES FROM ANY BREACH OF THE COVENANTS SET FORTH IN SECTIONS 2 [Outside Employment], 3 [Confidential Information], 4 [Inventions], 5 [Competitive Activities],[1] 6 [Returning Company Documents] AND 8 [Non-Solicitation; Non-Hire] HEREIN. ACCORDINGLY, I AGREE THAT IF I BREACH ANY OF SUCH SECTIONS, THE COMPANY WILL HAVE AVAILABLE . . . THE RIGHT TO OBTAIN AN INJUNCTION FROM A COURT OF COMPETENT JURISDICTION RESTRAINING SUCH BREACH OR THREATENED BREACH AND TO SPECIFIC PERFORMANCE OF ANY SUCH PROVISION OF THIS AGREEMENT. . . .

(Agreement § 11.b. (emphasis in original).) Plaintiff argues that this is sufficiently one-sided to render the arbitration clause substantively unconscionable. California law does not require complete mutuality as Plaintiff assumes. *See Armendariz,* 24 Cal.4th at 117 (only a "modicum of bilaterality" is required) (internal quotation marks and citations omitted). "Although parties are free to contract for asymmetrical remedies and arbitration clauses of varying scope, . . . the doctrine of unconscionability limits the extent to which a stronger party may, through a contract of adhesion, impose the arbitration forum on the weaker party without accepting that forum for itself." *Id.* at 118. The limit is defined by the commercial justification for the one-sidedness:

> a contract can provide a "margin of safety" that provides the party with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable. However, unless

---

[1] Section 5, Competitive Activities, does not apply to California employees like Plaintiff. (*See* Decl. of Kevin Smith in Supp. of Opp'n to Def.'s Mot. to Compel Arb. at 3-4.)

> the "business realities" that create the special need for such an advantage are explained in the contract itself, . . . it must be factually established.

*Id.* at 117 (internal quotation marks and citations omitted). Here, the arbitration clause states that claims related to competition, confidentiality and intellectual property require injunctive relief and/or specific performance to be adequately remedied. Such remedies may be obtainable on an emergency basis in a court action. This does not render the arbitration clause unconscionable. *See Sanchez,* 61 Cal.4th at 922 (holding that an arbitration clause carving out a car dealer's right to repossession was not substantively unconscionable).

Plaintiff next contends that the cost-sharing clause in the arbitration provision is *per se* unconscionable. (Opp'n at 19.) It may be possible to invalidate an arbitration agreement as unconscionable if it "required a plaintiff to pay 'filing and administrative fees attached to arbitration that are so high as to make access to the forum impracticable.'" *Chevarria v. Ralphs Grocery Co.,* 733 F.3d 916, 927 (9th Cir. 2013) (quoting *American Express Co. v. Italian Colors Rest.,* 570 U.S. 228, 236 (2013)). The cost-sharing clause provides that, "THE COMPANY AND I SHALL EACH PAY ONE-HALF OF THE COSTS AND EXPENSES OF SUCH ARBITRATION . . .." (Agreement § 11.a. (emphasis in original).) The arbitration provision also states that the arbitration is to be conducted under the rules of the American Arbitration Association ("AAA"). (*Id.*) Plaintiff does not contend that the AAA fees are so high as to preclude him from arbitrating. The AAA's fee schedule for employment disputes caps an individual party's fees at $300. *See* https://www.adr.org/sites/default/files/Employment_Arbitration_Fee_Schedule.pdf (last visited Mar. 30, 2018). The filing fee for an action filed in this Court is $400. *See* https://www.casd.uscourts.gov/Attorneys/SitePages/FeesOfTheUSDistrictCourt.aspx (last visited Mar. 30, 2018). Whether he proceeds in this Court or before the AAA, he will incur costs. Like this Court, the arbitrator, under

the AAA Employment Arbitration Rule 39, may award costs "in accordance with applicable law."[2] *See* https://www.adr.org/sites/default/files/employment_arbitration_rules_and_mediation_procedures_0.pdf (last visited Mar. 30, 2018) ("Rule 39"). For the foregoing reasons, the cost sharing clause does not render the arbitration provision substantively unconscionable.

Finally, Plaintiff objects to the clause that "EACH OF US SHALL SEPARATELY PAY OUR COUNSEL FEES AND EXPENSES." (Agreement § 11.a. (emphasis in original).) As Defendant concedes, this provision does not preclude an attorney fee award at the conclusion of arbitration. (Reply at 9.) Under Rule 39, the arbitrator may award attorney's fees "as provided by applicable law." If he prevails in arbitration, Plaintiff will therefore be able to recover fees as if he had proceeded in this Court. Accordingly, the attorneys' fee clause is not substantively unconscionable for the same reasons as the cost sharing clause.

For the foregoing reasons, Plaintiff has not demonstrated that the arbitration provision is unconscionable under California law. Plaintiff has conceded that it is not unconscionable under New York law. Plaintiff has therefore not shown that a contract defense renders the arbitration provision unenforceable.

Defendant's motion is therefore granted as follows:

1. Plaintiff's causes of action alleged in the second amended complaint and numbered one through twelve are dismissed. Plaintiff may reassert these claims as provided in the Employee Confidentiality, Invention Assignment and Non-Competition Agreement which Plaintiff signed when he was hired by Defendant. (Decl. of Jessica Micciche Ex. A ("Agreement").)

---

[2] To the extent Plaintiff contends that California law, as opposed to New York law, may favor him, the concern has no merit. Under the Agreement's choice of law clause, New York law governs the Agreement and how the Agreement is construed. (Agreement § 11.d.) It does not apply to Plaintiff's substantive claims.

2. Plaintiff's thirteenth cause of action pursuant to the Private Attorney General Act is stayed pending arbitration pursuant to 9 U.S.C. § 3.

3. The parties shall file a joint status report upon entry of the arbitration award, or on **March 30, 2019**, whichever first occurs. Failure to timely comply with this provision will result in dismissal pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 30, 2018

_____
Hon. M. James Lorenz
United States District Judge